UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DANTE DiFRANCESCO**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BANC OF AMERICA INVESTMENT SERVICES, INC.**; a corporation, **QUICK & REILLY,** a corporation; and **FLEET NATIONAL BANK,** a corporation<br><br>Defendants. | Civil:<br><br>**CLASS AND COLLECTIVE ACTION COMPLAINT FOR:**<br><br>(1)  Recovery of Overtime Compensation for Commissioned Brokers;<br>(2)  Recovery of Overtime Compensation for Broker Trainees<br>(3)  Recovery for Improper Wage Deductions;<br>(4)  Failure to Reimburse Business Expenses |

NOV 17 2005

**THIS IS A CLASS ACTION LAWSUIT**

Plaintiff, individually and on behalf of all others similarly situated, complains and alleges as follows:

1.      This is a class and collective action brought on behalf of all persons who, at any time during the past six years and up until the date of entry of judgment are or were employed in New York State as stock brokers at any of the brokerage offices of Banc of America Investment Services, Inc., Quick & Reilly, and/or Fleet National Bank.

**I.**

**JURISDICTION AND VENUE**

2.      This action arises under the Fair Labor Standards Act ("FLSA") as amended, 29 U.S.C., and the Labor Laws of New York.  This Court has jurisdiction in this action pursuant to 28 U.S.C. §§1331 and 1367.  Plaintiff invokes the supplemental jurisdiction of this Court to

---

**CLASS ACTION COMPLAINT**

consider claims arising under the state law.

3.      Pursuant to pursuant to 28 U.S.C. 1391, venue is proper in the Southern District of New York because the Defendants employed the Plaintiff in this District and because the Defendant Banc of America Investment Services, Inc. operates numerous offices in this District.

## II.
### PARTIES

4.      The three named Defendants are or were the employer or co-employer of the Plaintiff during the past six years.  The Defendant Quick & Reilly was a corporation that operated the stock brokerage operations of the Defendant Fleet National Bank.  In October of 2004 Bank of America merged with Fleet National Bank and the surviving brokerage entity and employer was the Defendant Banc of America Investment Services, Inc.  Banc of America Investment Services, Inc. is the successor in interest and liability of the two other Defendants.  In this Complaint these three Defendants will be referred to as "B of A."

5.      During the past six years, the Defendants have operated stock brokerage offices throughout New York State that sell financial securities, stocks and other financial investments.

6.      At all times, the wage and hour and all related employee compensation policies of Defendants' offices in New York State are and were dictated by, controlled by, and ratified by the Defendants.

7.      The Plaintiff, Dante DiFrancesco, is a former employee of Defendants.  He began working for Quick & Reilly in New York State as a stock broker in October 2002.  Quick & Reilly was the brokerage arm of Fleet National Bank, his co-employer.  After Fleet's merger with Bank of America, Quick & Reilly ceased to exist.  The new brokerage arm of the merged banks

was Banc.

8.     The named Plaintiff and every other broker at B of A were routinely required to work in excess of forty (40) hours per week without receiving overtime compensation. The named Plaintiff and every other broker at B of A had sales of financial products, including securities and stocks, as their primary duty and were compensated almost exclusively on the basis of commissions earned by the sales of such financial products.

9.     Plaintiff brings this action on his own behalf and on behalf of all other such current and former employees similarly situated.

### III.

### FACTUAL ALLEGATIONS

10.     This is a class and collective action brought on behalf of all persons who were improperly classified as exempt employees to recover overtime due to them under the FLSA and under the New York Labor Law and Wage Orders issued thereunder. These persons include current and former stock brokers and broker trainees employed at the Defendants' locations in New York State during the six years preceding the filing of this action.

11.     The typical B of A location has been staffed by a manager, a number of experienced brokers, trainee brokers, and administrative assistants and support staff.

12.     Throughout this complaint, the term "broker" refers to brokers employed in New York State during the six years preceding the filing of this complaint who received more than half their compensation in the form of commissions. The term "trainee broker" refers to brokers or broker candidates newly hired by the Defendants who were given training by the Defendants and were paid more than half their wages in the form of salary.

///

---

**CLASS ACTION COMPLAINT**                                                    **PAGE 3**

13.     Pursuant to Defendants' uniform employment policies, brokers were classified as "exempt" and paid fixed commissions, irrespective of the hours they actually worked.  During the class period, stock brokers have consistently worked considerably more than 40 hours per week.

14.     The duties of the brokers and broker trainees are set forth in uniform written company-wide policies and procedures promulgated by the Defendants.

15.     Plaintiff and all other broker class members are inside salespeople who are and were paid primarily on a commission basis.  They have received no overtime pay as required by law.  Their primary duty has been the sale of financial products such as stocks.  Stocks are intended for resale and, therefore, lack the retail notion required for exemption.

16.     The Plaintiff and other broker class members are not administratively exempt because they do not meet the salary basis test and because their primary duty is the sale of securities.

17.     Some evidence generally reflecting the number of overtime hours worked by each class member and the compensation rates for the relevant work periods is in the possession of B of A.  While Plaintiff is unable to state at this time the exact amount owing to the class, Plaintiff proposes to obtain such information by appropriate and focused discovery proceedings to be taken promptly in this action, and requests that damages or restitution be awarded according to proof thus obtained and presented to the court.  When an employer fails to keep time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.  Anderson v. Mt. Clemens Pottery Co. (1946) 328 U.S. 680.

///

///

///

**CLASS ACTION COMPLAINT**                                                    **PAGE 4**

## IV.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action individually and as a class action on behalf of the following classes:

a.      All persons employed within the six years preceding the filing of this action as a commissioned broker in New York by Banc of America Investment Services, Inc., Quick & Reilly, and/or Fleet National Bank;

b.      All persons employed within the six years preceding the filing of this action in New York Lynch as a broker trainee by Banc of America Investment Services, Inc., Quick & Reilly, and/or Fleet National Bank.

19.     Plaintiff's claims are typical of the claims of the class because Plaintiff and all the class members were harmed by Defendants' failure to pay overtime.  Defendants' policies with respect to the hours worked and deductions made are and were uniform throughout New York and the locations are and were operated under uniform written procedures.

20.     Plaintiff is a representative party who will fully and adequately protect the interests of the class members.  He has retained counsel who are competent in both class action and employment litigation.  Plaintiff has no interests which are contrary to or in conflict with those of the class he seeks to represent.

21.     The number of members in each subclass is believed to exceed one hundred (100) individuals, which makes it impractical to bring all members of the class individually before the Court, and the identities of the members of the class are determinable from the records of the Defendants, as are the days worked and the pay for each class member.

22.     A class action is superior to other available means for the fair and efficient adjudication of this lawsuit.  Even if any class member could afford individual litigation against a large business like B of A, it would be unduly burdensome to the justice system.  Individual

litigation magnifies the delay and expense to all parties.  By contrast, a class action presents far fewer management difficulties and affords the benefits of unitary adjudication, economies of scale, and comprehensive supervision by a single court.  Concentrating this litigation in one forum will promote judicial economy and parity among the claims of individual class members and judicial consistency.  Notice of the pendency and any resolution of this action can be provided to class members by mail, print, and/or internet publication.

23.     This type of case is uniquely well suited for class treatment since the employers' practices were uniform and the burden is on the employer to prove any exemption.

24.     Many issues of law or fact are common and they predominate over any individual questions.  These common issues include:

a.  Whether Defendants' commissioned brokers were uniformly classified as exempt, in violation of the FLSA and/or the New York Labor Law and Wage Orders;

b.  Whether Defendants failed to pay Plaintiff and class members all overtime compensation due to them by virtue of their uniform designation of employees as exempt;

c.  Whether Plaintiff and class members were expected to and/or mandated to regularly work overtime;

d.  Whether the types of deductions routinely made from wages by the Defendants were legal;

e.  The correct statute of limitations for Plaintiff's and class members' claims;

f.  The correct method of calculating back overtime pay;

g.  Whether Plaintiff and class members are entitled to compensatory damages, and if so, the means of measuring such damages;

h.  Whether Plaintiff and class members are entitled to restitution;

i.  Whether Defendants are liable for pre-judgment interest;

j.  Whether Defendants are liable for attorney's fees and costs.

///

///

## V.

## FIRST CAUSE OF ACTION

### Violations of the Fair Labor

### Standards Act: Overtime Pay

25.     Plaintiff hereby realleges and incorporates by reference all paragraphs above as though fully set in detail.

26.     Plaintiff brings this First Claim for Relief pursuant to 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated persons, if any, who consent in writing to join this action.

27.     The Defendants failed to pay numerous other persons, who performed work for the Defendants and who are similarly situated to Plaintiff, the compensation required by the FLSA, 29 U.S.C. §§206, 207, for the work, labor and services they provided to the Defendants, and Plaintiff seeks to take appropriate proceedings to have such persons notified of the pendency of this action and join this action as plaintiffs pursuant to 29 U.S.C. § 216(b) by filing written consents to joinder with the Court.

28.     As a result of the foregoing, Plaintiff seeks judgment against the Defendants on his own behalf and on behalf of those similarly situated who file written consents to joinder in this action, declaratory relief finding that the practices complained of herein are illegal, injunctive relief to correct the illegal practices complained of herein, monetary damages in the amount of all unpaid overtime wages and/or other wages owed by the Defendants to the Plaintiff and such other persons similarly situated pursuant to 29 U.S.C. §§206, 207, together with an award of an additional equal amount as liquidated damages, costs, interest, and attorney's fees, as provided for under 29 U.S.C. § 216(b).

///

///

///

///

///

# VI.

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime Wages
### to Commissioned Brokers
### (Violation of NYCRR §142-2.2)

29.     Plaintiff hereby realleges and incorporates by reference all paragraphs above as though fully set forth in detail herein.

30.     Unless proven to be exempt for the protection of overtime laws, all employees are entitled to overtime for hours worked in excess of 40 in a week.

31.     NYCRR §142-2.2 provides:
An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and subject to the exemptions of Section 7 and 13 of 29 U.S.C. 201 et seq., the Fair Labor Standards Act of 1938, as amended; provided, however, that the exemptions set forth in Section 13 (a)(2) and (4) shall not apply.  In addition, an employer shall pay employees subject to the exemptions of Section 13 of the Fair Labor Standards Act, as amended, except employees subject to Section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-half time the basic minimum hourly rate.

32.     Stock or securities brokers compensated primarily on a commission basis are not otherwise exempt from the requirement of overtime premium pay.

33.     Likewise, since 25% of the revenue of the B of A has come from locations outside New York State, it is not a retail business as that term is construed by the applicable regulations.

34.     Defendants' brokers do not meet any of the other exemptions from overtime such as the administrative exemption.  Their brokers are not administratively exempt because they are production workers and their primary duty does not consist of the "performance of office or nonmanual field work directly related to management policies or general operations of such

individual's employer, as required by 12 NYCRR §142-2.14.

35.    The Defendants' commissioned brokers fail to meet the salary basis test for the administrative exemption.  Although some stock brokers receive a draw against commissions, this is a loan and not a salary.

36.    Lastly, brokers have been subject to deductions by the employer for incorrect trades or other matters pertaining to the quantity or quality of the work performed and such deductions destroy a claim to exemption.

37.    As no exemptions under New York overtime laws apply, Plaintiff hereby demands, pursuant to Rule 23(b)(3) of the FRCP, that he and every other broker be compensated under New York Labor Law for every hour of overtime worked in excess of forty per week at any time during the six years preceding the filing of this complaint as well as the recovery of attorney fees and costs and prejudgment interest as provided by New York law.

## VII.
### THIRD CAUSE OF ACTION
### Recovery of Overtime Compensation
### for Broker Trainees

38.    Plaintiff hereby realleges and incorporates by reference all paragraphs above although fully set forth in detail herein.

39.    Throughout the past six years B of A has employed in the State of New York stock brokers and persons desirous of becoming licensed as stock brokers whom the Defendants have treated as trainees.  These trainees have been paid predominately a salary and have not received any overtime compensation for hours worked in excess of 40 hours per week.

---

**CLASS ACTION COMPLAINT**

40.     These trainees received both formal and informal training by the Defendants and were not given the authority to exercise their own discretion and judgments in advising customers or in executing trades or in making sales of financial products.

41.     These trainees routinely worked hours well in excess of 40 per week but were not paid overtime.  At no time were they exempt from the payment of overtime under the New York Labor Law and Wage Orders or under the FLSA.

42.     Plaintiff accordingly seeks overtime compensation for all such trainees plus prejudgment interest and attorney fees and costs.

## VIII.
## FOURTH CAUSE OF ACTION
### Impermissible Deductions from Employees' Wages

43.     Plaintiff hereby realleges and incorporates by reference all paragraphs above as though fully set forth in detail herein.

44.     Throughout the past six years B of A routinely deducted numerous charges from the wages of its commissioned brokers, including but not limited to the following:

    a.    Monies to pay administrative assistants and support staff;

    b.    Account maintenance fees when those fees were not timely paid by the customer;

    c.    Commissions when a customer asserted a trade was made improperly or incorrectly.

45.     New York Labor Law §193 provides:
Deductions from wages
    1.    No employer shall make any deduction from the wages of an employee, except deductions which:

a.    are made in accordance with the provisions of any law or any rule or regulation issued by an governmental agency;  or

b.    are expressly authorized in writing by the employee and are for the benefit of the employee;  provided that such authorization is kept on file on the employer's premises. Such authorized deductions shall be limited to payments for insurance premiums, pension or health and welfare benefits, contributions to charitable organizations, payments for United States bonds, payments for dues or assessments to a labor organization, and similar payments for the benefit of the employee.

2.    No employer shall make any charge against wages, or require an employee to make any payment by separate transaction unless such charge or payment is permitted as a deduction from wages under the provisions of subdivision one of this section.

46.    Wages are defined by N.Y. Labor Law §190(1) as "the earnings of an employee for labor or services rendered, regardless whether the amount of earnings is determined on a time, piece, commission or other basis."

47.    The deductions made by B of A have violated  Section 193 because they were not for the benefit of the employee and because they are not otherwise of a nature allowed under the statute.  Furthermore, they were made without the written consent of the employee.

48.    As a result, Plaintiff seeks restitution of all improper deductions on behalf of himself and all other brokers similarly situated under New York law plus prejudgment interest and attorney fees and costs.

///

///

///

///

## IX.

## FIFTH CAUSE OF ACTION

### Recovery of Business Expenses

### Incurred by Employees

49.     Plaintiff hereby realleges and incorporates by reference all paragraphs above as though fully set forth in detail herein.

50.     During the past six years the Defendants have had the practice of failing to reimburse the Plaintiff and other members of the broker and broker trainee for business expenditures reasonably incurred by them.  Such unreimbursed expenses include, but are not limited to monies spent for travel, mileage, supplies and communication charges.

51.     These expenses were reasonably and necessarily made by Plaintiff and other class members in meeting the business directives and goals set for them by the Defendant.

52.     Plaintiff, individually and on behalf of all other class members seeks reimbursement for all such expenditures from the Defendants.


## X.

## PRAYER FOR RELIEF

53.     Plaintiff, individually and on behalf of others similarly situated, prays for relief as follows:

        a.     An order directing that the Defendants compensate all commissioned brokers according to law for overtime hours worked;

///

///

---

**CLASS ACTION COMPLAINT**

b.  An order directing that the Defendants compensate all commissioned brokers according to law for monies improperly deducted from their wages;

c.  An order directing that the Defendants compensate all broker trainees according to law for overtime hours worked;

d.  An order directing that the Defendants pay prejudgment interest;

e.  An order directing that the Defendants pay reasonable attorney fees and costs; and

f.  Further orders directing such relief as this Court may deem just and proper.

54.  No penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under New York Law are sought in this action and are expressly waived.

Dated: November 17, 2005

MICHAEL SHEN & ASSOCIATES, P.C.

By: _____
Michael Shen, Esq.
225 Broadway, Suite 2515
New York, New York 10007
Telephone:    (212) 227-0300
Facsimile:     (212) 227-2714
Attorneys for Plaintiff

Of Counsel for Plaintiff:
Kevin J. McInerney, Esq.
Kelly McInerney, Esq.
Charles A. Jones, Esq.
MCINERNEY & JONES
18124 Wedge Parkway #503
Reno, NV 89511
Telephone:    (775) 849-3811
Facsimile:     (775) 849-3866